TORO, PLAINTIFF AND APPELLEE, *v.* SOBRINOS DE PORTILLA, DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 3258.—Decided May 31, 1924.

PROFESSIONAL SERVICES—STIPULATED PRICE—EVIDENCE—ERROR.—The plaintiff, a bookkeeper, sued the defendant for the reasonable value of his services rendered upon request, alleging that no price had been fixed. On appeal from a judgment sustaining the complaint it was *held:* That the court committed a fundamental error in weighing the evidence, which includes a letter written by the plaintiff asking the defendant for an increase of salary and containing a paragraph which ends as follows: ''My present situation with such a small salary as $20 a week is impossible.'' This is an admission of a stipulated price, ratified a short time thereafter when the plaintiff accepted the reduction in salary of which the defendant gave him written notice.

The facts are stated in the opinion.

*Messrs. G. de la Haba* and *A. Sarmiento* for the appellants.

*Mr. R. Rivera Zayas* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

It was alleged in the complaint that the plaintiff was a bookkeeper and that as such was employed by the defendant firm to audit its account books, prepare a general statement of the business, open new books and do the general work of an accountant and bookkeeper from June 18, 1921, to October 10, 1922, during which time he had sole charge of all of the accounting of the firm; that the plaintiff estimated the reasonable value of his services at $3,198.33 and had received $1,467 on account, leaving a balance in his favor of $1,730.83 which the defendant refused to pay.

The complaint was accompanied by a statement of the amounts received by the plaintiff during the time that he was rendering services to the defendant.

The defendant alleged in its answer as an essential defense ''that from the time it engaged the services of the plaintiff on April 19, 1922, until October 10th of the same year, when he was discharged, it paid the plaintiff the sal-

ary agreed upon for such services, or $20 weekly to July 10, 1922, and $17.50 weekly to October 10th, plus one month's salary extra because it was not stipulated in the contract when it was to terminate.''

After hearing the case on its merits the trial court rendered judgment against the defendant for the sum claimed and the costs.

The defendant thereupon took the present appeal and assigns the following errors:

''1. The judgment is not supported by the evidence in its holding that the firm of Sobrinos de Portilla existing in 1921 and the firm of the same name existing in 1922 are the same, when the fact · is that they are two distinct firms, and in imposing upon the latter, the defendant, a liability that should be attributed only to the former, which has not been made defendant.

''2. Error was committed in sustaining a complaint which does not set up facts sufficient to constitute a cause of action against the defendant as regards its reference to the compensation for the professional services rendered by the plaintiff from June 18, 1921, to April 19, 1922.

''3. The judgment is contrary to the evidence and to the pleadings in sustaining the complaint with regard to compensation for professional services rendered to the defendant from April 19, 1922,. to October 10, 1922, thus overruling the demurrer on the ground. of payment of such services alleged by the defendant and corroborated by the pleadings and the evidence.

''4. The evidence does not justify the valuation of services accepted by the court.''

We find that the first and second assignments are not well founded. The contention that it was contrary to the evidence to consider the firm of Sobrinos de Portilla existing in 1921 and that of the same name existing in 1922 as a single firm is a question that was not mentioned in the answer and can not be raised for the first time on appeal. On the contrary, the answer admitted the liability of the defendant firm without making any distinction as regards the name, although it was alleged that the value of the plaintiff's services was agreed upon and paid.

The third assignment refers to the weighing of the evidence by the trial court for determining the reasonable value of the services rendered by the plaintiff, and to its failure to hold that the value of the services had been agreed upon. On this point the conclusion of the trial court was manifestly erroneous. The plaintiff himself introduced complete and satisfactory evidence that his salary was previously agreed upon, first at the rate of $20 a week and later at the rate of $60 a month, or $17.50 a week.

On November 21, 1921, the plaintiff wrote a letter to the defendant asking for an increase of salary, as follows:

"San Juan, P. R., Nov. 21, 1921.

"Messrs. Sobrinos de Portilla, Isabel Segunda Street, San Juan, P. R.

"Gentlemen: In appealing to your kindness for a small increase in my salary as your accountant I do not think it necessary to set forth all the circumstances or reasons that impel me to do so; therefore, I will only make slight reference in the first place to the increase in the work. Nor do I want you to take this as a demand on my part, for my sole intention is to convince you that my present situation with such a small salary as $20 a week is unbearable.

"I understand very well that under the present circumstances and by reason of the partial decrease in the volume of business, you must maintain a logical and reasonable policy of limitation of expenses; but the fact is that I am contributing to this economy, inasmuch as I save you the payment of $1,000 annually by my work as accountant and my participation in matters related to the Insular Treasury; and for all this I only ask for the very small increase of $5 a week, with the reservation that in your own good judgment and generosity you may grant me, in case of greater future success in the business, what you may willingly and generously consider adequate.

"I remain as ever, yours very truly,

"(Signed)     Sixto Toro."

The defendant replied in writing to the plaintiff as follows:

"Nov. 22, 1921.—Mr. Sixto Toro, San Juan, P. R.—

"Dear Sir: Your esteemed letter of yesterday asking for a small increase in salary is at hand. In reply thereto we inform you that we really regret not to be in a position to grant your request at present because the economic plan that we have adopted does not permit us to accommodate you.

"We have serious engagements to fulfill and you know that we have had to reduce the personnel in the office and shops, but if the situation should hereafter improve you may be assured that your salary will be increased.

"Hoping that our motives will be understood by you, we remain as ever,

"Yours very truly."

Far from granting the request of the plaintiff for an increase, a few months thereafter the defendant wrote him a letter reducing his salary to $60 a month. The letter notifying him of the reduction reads as follows:

"Dear Sir: Owing to the general crisis prevailing because of the lack of work and needing your cooperation in order to overcome it, we regret to inform you that from and after July 1st your salary with us will be $60 a month.

"As soon as the situation improves your salary will be as heretofore.

"We, therefore, ask you to discharge the duties of your office in a satisfactory manner so as to help us out of this critical condition.

"Yours very truly,

"(Signed)        Sobrinos de Portilla."

These letters alone show that the compensation to be received by the plaintiff was fixed and that the amounts received by the plaintiff represented the agreed salary for his services. In asking for the small increase of $5 in his salary the plaintiff appealed to the generosity of the defendant and asked also for a recognition of the possibility of receiving something more in the nature of a gift, his request depending upon a satisfactory turn in the business of the defendant. This recognition, which was actually made by the defendant to the effect that if business conditions

improved the plaintiff's salary would be increased, did not bind the defendant, and although the plaintiff made no effort to show the profits of the company or that it was in good condition, which would have only given moral strength to his claim, the letter of the defendant telling the plaintiff that his salary was reduced owing to the crisis in the business and the acceptance of the reduction by the plaintiff, dispel all doubt as to there being no stipulation for salary, whatever may be the theory of the plaintiff in support of his claim.

The evidence that may have occasioned the error into which the court fell in not giving to the letters transcribed the full value that the very admission of the plaintiff implies, was the testimony of José Portilla and Félix Massó. These witnesses testified that nothing was said to the plaintiff about salary; but he was told to take his expenses and later they would make an arrangement, as there were some disagreements among the partners. These witnesses, however, who are not now members of the firm of Sobrinos de Portilla, can be given no more credit than we have given to the admissions of the defendant under the well-known rule that no man can repudiate his own acts.

It is possible also that the judgment of the trial court, for no opinion seems to have been delivered, may be based on certain sums of money taken by the plaintiff weekly in excess of the other uniform items. But these special items in a total of sixty-six weeks were only six. The first five were prior in date to the letters that have explained so clearly the facts of this case, and that of $80, of a date within the last week, represented the lawful compensation of one month's salary when there is no expiration fixed in the contract for services.

For all of the foregoing reasons the judgment of the trial court must be reversed and substituted by another dismissing the complaint without costs.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.